J-S13020-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
BRANDON ANTHONY PETERSON :
:
Appellant : No. 852 MDA 2019

Appeal from the Judgment of Sentence Entered January 14, 2019
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0003252-2016

BEFORE:   STABILE, J., DUBOW, J., and PELLEGRINI, J.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED APRIL 08, 2020**

Appellant, Brandon Anthony Peterson, appeals from the January 14,

2019 Judgment of Sentence entered in the Berks County Court of Common

Pleas following his conviction of one count each of Persons Not to Possess

Firearms, Firearms Not to be Carried Without a License, Fleeing or Attempting

to Elude Police, Simple Assault, Resisting Arrest or Other Law Enforcement,

and Possession of Drug Paraphernalia, two counts of Accidents Involving

Damage to Attended Vehicle, and three counts each of Recklessly Endangering

Another Person ("REAP") and Possession of a Controlled Substance.[1]  With this

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 6105(a)(1) and 6106(a)(1); 75 Pa.C.S. § 3733(a); 18 Pa.C.S.
§§ 2701(a)(3) and 5104; 35 P.S. § 780-113(a)(32); 75 Pa.C.S. § 3743(a);
18 Pa.C.S § 2705; and 35 P.S. § 780-113(a)(16), respectively.

appeal, Appellant's counsel has filed a Petition to Withdraw as Counsel and an **Anders**[2] brief. After careful review, we affirm the Judgment of Sentence and grant counsel's Petition to Withdraw.

The relevant facts and procedural history are, briefly, as follows. In the middle of the afternoon of June 24, 2016, members of the Reading City police department, acting on a warrant, were conducting surveillance outside of a residence in which they believed they could find Appellant. When police officers observed Appellant leaving the residence and entering a vehicle, they initiated a traffic stop. Appellant did not stop, and instead led police on a high-speed chase on Lancaster Avenue in Berks County. Ultimately, police officers apprehended Appellant. The Commonwealth charged Appellant with twenty-four offenses arising from the car chase, Appellant's brandishing a weapon during apprehension, and a search of the vehicle in which he fled.[3]

Appellant proceeded to a bifurcated trial on January 8, 2019, following which the jury convicted Appellant of Firearms Not to be Carried Without a License, Fleeing or Attempting to Elude Police, Simple Assault, Resisting Arrest or Other Law Enforcement, and Possession of Drug Paraphernalia, two counts of Accidents Involving Damage to Attended Vehicle, and three counts each of

---

[2] **Anders v. California**, 386 U.S. 738 (1967).

[3] The charges included those of which the jury convicted Appellant and other charges including Possession of a Small Amount of Marijuana, and summary traffic offenses that the trial court dismissed.

REAP and Possession of a Controlled Substance. The trial court convicted Appellant of Persons Not to Possess a Firearm.

On January 14, 2019, after a hearing and considering Appellant's Pre-Sentence Investigation Report,[4] the court sentenced Appellant to an aggregate term of 15 ½ to 30 years' incarceration.[5]

On January 24, 2019, Appellant filed a Post-Sentence Motion asserting that the trial court had imposed an excessive sentence and the court had failed to consider mitigating factors, including Appellant's mental health and drug treatment history and that he has three young daughters. Motion, 1/24/19, at ¶¶ 5, 8. Appellant's Motion was denied by operation of law on June 26, 2019.

_____

[4] The Court considered a September 1, 2016 Pre-Sentence Investigation Report after the parties agreed that that Report was accurate and that the court did not need to Order the preparation of an updated report. *See* N.T. Trial, 1/8/19, at 351; N.T. Sentencing, 1/14/19, at 13.

[5] In particular, the court imposed a mitigated-range sentence of 5 to 10 years' incarceration on his Possession of a Firearm Prohibited conviction, a consecutive mitigated-range sentence of 3½ to 7 years' incarceration on his Firearms Not To Be Carried Without a License conviction, a consecutive sentence of 3 to 7 years' incarceration on his Fleeing or Attempting to Elude a Police Officer conviction, three consecutive sentences of 1 to 2 years' incarceration for his REAP convictions, and a consecutive sentence of 1 to 2 years' incarceration for his Simple Assault conviction.

The court also imposed concurrent sentences of 1 to 2 years' incarceration for Appellant's Resisting Arrest conviction, 6 to 12 months' incarceration for his Accident Involving Damage to Attended Vehicle conviction, 1½ to 3 years' incarceration for each of his Possession of a Controlled Substance convictions, and 3 to 12 months' incarceration for his Possession of Drug Paraphernalia conviction.

This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.[6]

On January 16, 2020, Appellant's counsel filed an Application to Withdraw as Counsel and an **Anders** Brief challenging the discretionary aspects of Appellant's sentence.[7]

As a preliminary matter, we address counsel's request to withdraw as counsel. "When presented with an **Anders** Brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." **Commonwealth v. Daniels**, 999 A.2d 590, 593 (Pa. Super. 2010) (citation omitted). In order for counsel to withdraw from an appeal pursuant to **Anders**, our Supreme Court has determined that counsel must meet the following requirements:

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

---

[6] On July 31, 2019, this Court remanded the matter to the trial court to determine whether Appellant's trial counsel had abandoned him. On September 11, 2019, the trial court concluded that trial counsel had abandoned Appellant, permitted trial counsel to withdraw, and appointed Appellant new counsel from the Berks County Public Defender.

[7] Appellant did not file a response to counsel's **Anders** Brief.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009).

Counsel has complied with the mandated procedure for withdrawing as counsel. Additionally, counsel confirms that he sent Appellant a copy of the *Anders* Brief and Petition to Withdraw, as well as a letter explaining to Appellant that he has the right to retain new counsel, proceed *pro se*, or to raise any additional points. *See Commonwealth v. Millisock*, 873 A.2d 748, 751 (Pa. Super. 2005) (describing notice requirements).

Because counsel has satisfied the above requirements, we will first address the substantive issue raised in the *Anders* Brief. Subsequently, we must "make a full examination of the proceedings and make an independent judgment as to whether the appeal is in fact wholly frivolous." *Santiago*, 978 A.2d at 355 n.5 (citation omitted). *See also Commonwealth v. Yorgey*, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*) (noting *Anders* requires the reviewing court to "review 'the case' as presented in the entire record with consideration first of issues raised by counsel").

**Appellant's Issue**

In his sole issue, Appellant challenges the discretionary aspects of his sentence, claiming his sentence is excessive. *Anders* Brief at 32. In particular, Appellant claims that trial court abused its discretion in imposing consecutive sentences and in failing to consider mitigating factors. *Id.* at 42-45. Appellant concedes that the court imposed standard-range sentences for each of his convictions except the firearms offenses for which the court imposed sentences below the mitigated range. *Id.* at 37-38.

A challenge to discretionary aspects of a sentence is not reviewable as a matter of right. ***Commonwealth v. Leatherby***, 116 A.3d 73, 83 (Pa. Super. 2015). Prior to reaching the merits of a discretionary sentencing issue, we must determine: (1) whether appellant has filed a timely notice of appeal; (2) whether appellant properly preserved the issue at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief sufficiently addresses the challenge in a statement included pursuant to Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code. ***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa. Super. 2006).

With respect to the second factor, a defendant must object and request a remedy at sentencing, or raise the challenge in a post-sentence motion. ***Commonwealth v. McAfee***, 849 A.2d 270, 275 (Pa. Super. 2004). The Pennsylvania Rules of Criminal Procedure specifically caution defendants that, when filing Post-Sentence Motions, "[a]ll requests for relief from the trial court shall be stated with specificity and particularity[.]" Pa.R.Crim.P. 720(B)(1)(a). ***See Commonwealth v. Tejada***, 107 A.3d 788, 798-99 (Pa. Super. 2015) (noting that the trial court must be given the opportunity to reconsider its sentence either at sentencing or in a post-sentence motion). ***See***, ***e.g.***, ***Commonwealth v. Mann***, 820 A.2d 788, 793-94 (Pa. Super. 2003) (holding that the appellant waived his discretionary aspects of sentencing claim regarding the sentencing court's failure to state the reasons for his sentence on the record where defendant filed a post-sentence motion, but only argued

that his sentence was unduly severe and the trial court abused its discretion under the sentencing code).

This Court's review of the record indicates that Appellant did not preserve his claim that the trial court abused its discretion in imposing consecutive sentences at sentencing or in his Post-Sentence Motion. Because Appellant failed to preserve this claim, he has waived it.

Appellant did, however, preserve his claim that his sentence is excessive because the court failed to consider mitigating factors by raising the issue in a Post-Sentence Motion and including a statement pursuant to Pa.R.A.P. 2119(f) in his brief. **See Anders** Brief at 40. Thus, we proceed to address whether this sentencing challenge raises a substantial question for our review.

This Court determines on a case-by-case basis whether a defendant has raised a substantial question in a challenge to the discretionary aspects of sentencing. **Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa. Super. 2010). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Id.** (citation and quotation omitted).

Claims that the sentencing court did not adequately consider mitigating factors generally do not raise a substantial question. **Commonwealth v. Disalvo**, 70 A.3d 900, 903 (Pa. Super. 2013). A specific claim that the court refused to weigh mitigating factors as an appellant wished, absent more, does

not raise a substantial question. **Moury**, 992 A.2d at 175; **Commonwealth v. Zirkle**, 107 A.3d 127, 133 (Pa. Super. 2014). Instantly, Appellant's claim amounts to no more than a bald allegation that the court abused its discretion in failing to consider mitigating factors as he wished.[8] Pursuant to the above case law, Appellant has failed to raise a substantial question. He is, therefore, not entitled to relief.

**Conclusion**

Additionally, our independent review of the record does not reveal any non-frivolous arguments available to Appellant. Thus, we agree with counsel that this appeal is wholly frivolous. Accordingly, we grant counsel's Petition to Withdraw as Counsel and affirm Appellant's Judgment of Sentence.

Judgment of Sentence affirmed. Counsel's Petition to Withdraw as Counsel granted.

_____

[8] Even if his argument had raised a substantial question, we would conclude that there is no merit to Appellant's challenge. The court considered, *inter alia*, Appellant's PSI, prior convictions, the gravity of the offenses, and Appellant's allocution and acceptance of responsibility. N.T., 1/14/19, at 20-25. Additionally, the court imposed sentences that were either below the mitigated range or within the standard range. **Anders** Brief at 37-38. "[W]here a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code." **Moury**, 992 A.2d at 171. We also note that, where the trial court had the benefit of a PSI report we assume that it "was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." **Id.** (citation omitted).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>04/08/2020</u>